UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN GIBSON,

        Plaintiff,

  v.

KING COUNTY, et al.,

        Defendants.

No. C04-1940P

ORDER

      This matter comes before the Court on the parties' Local Rule CR 37 submission regarding attorney/client privilege and work product doctrine claims by Defendants and Ron Knox.  Having reviewed the pleading and supporting materials, the Court hereby DENIES Plaintiff's request that the Court order Mr. Knox to appear for his deposition and to produce materials sought in the subpoena and Plaintiff's request that the County respond to Request for Production No. 5.

      Mr. Knox's written materials in relation to this case are privileged because they were prepared in anticipation of litigation.  Unlike E.E.O.C. v. Commonwealth Edison, 119 F.R.D. 394 (N.D. Ill. 1988), Mr. Knox was not hired by the agency as a routine matter to investigate numerous claims.  In that case, there was no evidence that the investigator was hired in anticipation of litigation.  Here, in contrast, the prosecutor's officer hired him after Plaintiff had filed a Notice of Claim.  The prosecutor's office has shown that it reasonably believed that there was a significant chance that litigation would ensue given Plaintiff's previous discrimination lawsuit against the County.

ORDER - 1

1   The County did not waive the attorney/client privilege by listing Mr. Knox as a witness.
2   Plaintiff relies on Kammerer v. Western Gear, 27 Wn.App. 512, 517, 618 P.2d 1330 (1980).
3   However, Kammerer requires a more definite indication of the party's intent to rely on the attorney as
4   a witness than is present here.  There, the parties had stipulated to calling the attorney as a witness in
5   asking the court to rule on the privilege issue.  The court deemed this stipulation as a waiver.  While
6   the County initially listed Mr. Knox as a witness, it has never produced any documents with their
7   disclosures relating to Mr. Knox's investigation.  Thus, the clear intent to rely on Mr. Knox as a
8   witness is lacking here.

9   Nonetheless, the County was dilatory in notifying Plaintiff's counsel that it would not call Mr.
10  Knox as a witness and that it would assert the attorney/client privilege for the materials subpoenaed.
11  Therefore, the Court will not award attorney's fees to either party.

12  The clerk is directed to provide copies of this order to all counsel of record.

13  Dated: August 9, 2005

Marsha J. Pechman
United States District Court

ORDER - 2