1

The Honorable Robert J. Bryan

2

3

4

5

6

7

8

9
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11
JOHN GIBSON,

12
                                    Plaintiff,

No. 04-1940(P) RJB

13
            v.

**PRETRIAL ORDER**

14
KING COUNTY, a municipal corporation of
the State of Washington, STEPHANIE

15
WARDEN, Director of King County
Department of Development and

16
Environmental Services, in her official and
individual capacities, JIM RANKIN, King

17
County Fire Marshal, in his official and
individual capacities, LESLIE EATON, and

18
LAWRENCE CANARY, in his official and
individual capacities,

19
                                    Defendants.

20

21
## <u>JURISDICTION</u>

22
        Jurisdiction is vested in this court by virtue of 42 U.S.C. § 1988, 28 U.S.C. § 1331,

23
28 U.S.C. § 1367, and RCW Chapt. 49.60.030(2).

24

25

26

27

WINTERBAUER & DIAMOND P.L.L.C.
1200 FIFTH AVENUE, SUITE 1910
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 676-8440

## CLAIMS AND DEFENSES

*The plaintiff will pursue at trial the following claims*:

1.      Race discrimination in violation of 42 U.S.C. § 1981 and RCW Chapt. 49.60;

2.      A racially hostile work environment claim in violation of 42 U.S.C. § 1981 and RCW Chapt. 49.60;

3.      A claim of aiding and abetting discrimination in violation of RCW Chapt. 49.60.220; and

4.      Economic, compensatory and punitive damages pursuant to the above statutes.

*The defendants will pursue the following affirmative defenses*:

1.      Plaintiff has failed to mitigate his damages, if any.

2.      Plaintiff's claims are wholly or partially barred by the applicable statute of limitations.

3.      Defendants had legitimate, non-discriminatory reasons for any actions concerning plaintiff.

4.      Defendant King County is immune from punitive damages.

5.      Plaintiff's claims are wholly or partially barred as to liability and/or damages based on the after-acquired evidence doctrine.

## ADMITTED FACTS

*The following facts are admitted by the parties*:

1.      Plaintiff John Gibson is African-American.

2.      Plaintiff and Defendant Lawrence Canary applied for the supervisory position of assistant fire marshal in July 2003.

3.      There were 12 applicants for Assistant Fire Marshal, ten of whom were external candidates and two (Canary and plaintiff) who were internal.

PRETRIAL ORDER - 2
04-1940(P) RJB

4.      Two evaluators screened the applications and identified six candidates who met the minimal qualifications for the position.

5.      A Technical Interview Panel with three evaluators and a Management Interview Panel with two evaluators interviewed the six candidates.

6.      Plaintiff and Canary were the two finalists for the position.

7.      Canary was selected for the position.

8.      Canary is Caucasian.

9.      The assistant fire marshal reports directly to the Fire Marshal.

10.     The Fire Investigative Unit serves unincorporated King County and cities that contract with King County for such services.

11.     The Assistant Fire Marshal and the fire investigators are commissioned as law enforcement officers and vested with certain police powers pursuant to RCW 48.48.060.

*The plaintiff contends as follows*:

1.      Plaintiff met all the qualifications for the assistant fire marshal position vacancy posted in the summer of 2003.

2.      Plaintiff was denied an equal opportunity to compete for the position of assistant fire marshal in the summer of 2003 because of his race.

3.      Plaintiff was subjected to a racially hostile environment which permeated the defendants' fire marshal's office.

4.      Defendants, and each of them, impeded and obstructed Mary Dawson from conducting a fair, impartial and independent investigation of plaintiff's complaint of race discrimination and a racially hostile environment.

5.      Plaintiff has suffered and continues to suffer economic damages because of the loss of the promotional opportunity to assistant fire marshal.

WINTERBAUER & DIAMOND P.L.L.C.
1200 FIFTH AVENUE, SUITE 1910
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 676-8440

6.     Plaintiff has suffered and continues to suffer severe emotional distress, anxiety, mental anguish, humiliation and embarrassment because of the unlawful conduct of defendants.

7.     Defendants Warden, Rankin, Eaton and Canary acted and conducted themselves with malice toward or with reckless indifference to the federally protected rights of plaintiff.

*The defendants contend as follows*:

1.     Canary was the more strongly qualified candidate for the assistant fire marshal position, and Warden selected Canary for legitimate, nondiscriminatory reasons.

2.     Plaintiff received an equal opportunity to compete for the assistant fire marshal position, Canary had stronger credentials for the position and was thus selected, and there was no unlawful discrimination based on race.

3.     Plaintiff cannot properly assert his "equal opportunity to compete" claim as it is not what he pled in his complaint.

4.     Even if Plaintiff could assert his "equal opportunity to compete" claim, Defendants did not unlawfully discriminate against plaintiff, Canary was more strongly qualified for the position, and, in any event, it would be futile to redo the hiring process because, for legitimate, non-discriminatory reasons, Plaintiff would not be selected for the assistant fire marshal position.

5.     Plaintiff was not subject to a racially hostile work environment and no such environment permeated the fire marshal's office.

6.     Defendants did not impede or obstruct Mary Dawson from conducting a fair, impartial and independent investigation of plaintiff's complaints.

7.     Because Canary was the more qualified candidate for the assistant fire marshal position, plaintiff could not have suffered economic damages by not being selected

WINTERBAUER & DIAMOND P.L.L.C.
1200 FIFTH AVENUE, SUITE 1910
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 676-8440

for the position, and, moreover, the overall compensation for the position is not greater than what plaintiff received as a fire investigator.

8.    Plaintiff voluntarily chose to leave his fire investigator job with King County and therefore cannot properly seek economic or emotional distress related damages, if any, arising from that decision.

9.    Defendants have not acted unlawfully toward plaintiff and therefore plaintiff could not have suffered severe emotional distress, anxiety, mental anguish, humiliation and embarrassment based on any such alleged unlawful conduct.

10.    Plaintiff has emotional distress attributable to other factors than what he alleges concerning his employment with King County.

11.    No defendants acted with malice toward or with reckless indifference to plaintiff's federally protected rights.

## ISSUES OF LAW

*Plaintiff presents the following Issues of Law:*

1.    Did defendants and each of them discriminate against plaintiff in violation of 42 U.S.C. § 1981 by depriving him of an equal opportunity to compete for the position of assistant fire marshal during the summer of 2003?

2.    Did defendants and each of them discriminate against plaintiff in violation of RCW 49.60.030(1)(a) and RCW 49.60.180(3) by denying him an equal opportunity to compete for the position of assistant fire marshal during the summer of 2003?

3.    Did defendants and each of them discriminate against plaintiff in violation of 42 U.S.C. § 1981 by creating, perpetuating, encouraging, participating in, and/or failing to eradicate a racially hostile work environment?

WINTERBAUER & DIAMOND P.L.L.C.
1200 FIFTH AVENUE, SUITE 1910
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 676-8440

4.      Did defendants and each of them discriminate against plaintiff in violation of RCW 49.60.030(1)(a) and RCW 49.60.180(3) by creating, perpetuating, encouraging, participating in, and/or failing to eradicate a racially hostile work environment?

5.      Did defendants and each of them violate RCW 49.60.220 by aiding, abetting, and/or encouraging the denial to plaintiff of an equal opportunity to compete for the position of assistant fire marshal during the summer of 2003 and/or creating, perpetuating, encouraging, participating in, and/or failing to eradicate a racially hostile work environment?

6.      Did defendants' violations of 42 U.S.C. § 1981, RCW 49.60.030(1)(a), RCW 49.60.180(3), and RCW 49.60.220 cause plaintiff monetary damage and, if so, what are the amounts?

7.      Should the court permanently enjoin defendants and each of them by ordering the County to immediately initiate a new hiring process for the position of assistant fire marshal in such a way as to assure an equal opportunity for all applicants regardless of race?

8.      Have defendants and each of them acted with malice toward or reckless indifference to the federally protected rights of plaintiff so that he is entitled to recover punitive damages?

9.      Is evidence surrounding Mary Dawson's investigation of plaintiff's complaint, including her interviews with witnesses, her conversations with deputy prosecutors, and her statements to plaintiff and others admissible in this matter?

10.     Is evidence of the investigation initiated by defendant Warden in June 2005, including her communications to affected employees, the County policies on which the investigation was commenced, and the status of the investigation admissible?

11.     Is evidence of the fact that plaintiff was transferred from fire investigator to fire inspector in approximately 1986, and then transferred back to the fire investigation unit

WINTERBAUER & DIAMOND P.L.L.C.
1200 FIFTH AVENUE, SUITE 1910
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 676-8440

in 1994 after successfully completed required courses at the fire academy brought about as the result of a settlement of a race discrimination claim he had made against the County admissible?

12.    Is the testimony of Dave Pargas regarding racist statements and attitudes of Leslie Eaton admissible?

13.    Is Lynne Kalina's July 27, 2004 letter to plaintiff's counsel admissible?

14.    Is evidence of remarks such as "buckwheat" and references to plaintiff as being "different" and illiterate admissible?

15.    Is evidence of co-workers in the fire marshal's office about a racially hostile work environment admissible?

16.    Is evidence of the individual defendants' net worth admissible?

17.    Is evidence of plaintiff's current work situation at Kitsap County admissible?

*Defendants present the following Issues of Law:*

1.    Was plaintiff denied a promotion to assistant fire marshal in 2003 in violation of 42 U.S.C. § 1981?

2.    Was plaintiff denied a promotion to assistant fire marshal in 2003 in violation of RCW 49.60?

3.    Was plaintiff subject to a racially hostile work environment in violation of 42 U.S.C. § 1981?

4.    Was plaintiff subject to a racially hostile work environment in violation of RCW 49.60?

5.    If plaintiff was denied promotion to assistant fire marshal in 2003 or subject to a racially hostile work environment in violation of RCW 49.60, did any individual defendants violate RCW 49.60.220 in connection with that violation?

6.    If defendants violated 42 U.S.C. § 1981 and/or RCW 49.60, did plaintiff suffer monetary damage and, if so, in what amount?

WINTERBAUER & DIAMOND P.L.L.C.
1200 FIFTH AVENUE, SUITE 1910
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 676-8440

7.     If plaintiff was unlawfully denied promotion to assistant fire marshal in 2003 in violation of law, should the court order that plaintiff be awarded that position despite the fact that Canary has now been in the position for over two years, plaintiff has not worked for King County for over a year?

8.     If plaintiff was unlawfully denied based on race an equal opportunity to compete for the assistant fire marshal position, should he be allowed to claim that the hiring process should be done over, when he did not plead this in his complaint and, for legitimate, non-discriminatory reasons it would be futile?

9.     If plaintiff was denied promotion to assistant fire marshal in 2003 or subject to a racially hostile work environment in violation of 42 U.S.C. § 1981, did any individual defendant(s) act with malice toward or reckless indifference to plaintiff's rights such that he is entitled to recover punitive damages?

10.     Should plaintiff's and defendants' respective motions in limine be granted in whole or in part?

## EXPERT WITNESSES

Neither side will present any expert witnesses.

## OTHER WITNESSES

The names and addresses of witnesses, other than experts, to be used by each party at the time of trial and the general nature of the testimony of each are:

*(a) On behalf of plaintiff*:

1.     John Gibson
        10204 47th Avenue SW, Unit B-18
        Seattle, WA 98146

Gibson will testify about his personal and employment history, the discriminatory nature of the hiring process for assistant fire manager in the summer of 2003, the racially hostile environment to which he was subjected while employed at King County, his economic damages, and his general damages.

WINTERBAUER & DIAMOND P.L.L.C.
1200 FIFTH AVENUE, SUITE 1910
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 676-8440

2.   Mary Dawson
     King County Administration Building
     500 Fourth Avenue4
     M.S. ADM-HR-0450
     Seattle, WA 98104

     Ms. Dawson will testify about the investigation she conducted concerning plaintiff's complaint, her report, and defendants' efforts to modify that report.

3.   Terry Hammond
     900 Oakesdale Ave SW
     M.S. OAK-DE-0100
     Renton, WA 98055-1219

     Mr. Hammond will testify regarding the racially hostile work environment at the King County Fire Marshal's office, his efforts to notify management about that environment, his participation in the investigation of the complaint filed by John Gibson, and the investigation started in June 2004 concerning his complaints about the hostile work environment described to Mary Dawson during her investigation of John Gibson's complaint.

4.   Jason Herring
     900 Oakesdale Ave SW
     M.S. OAK-DE-0100
     Renton, WA 98055-1219

     Mr. Herring will testify regarding the racially hostile work environment at the King County Fire Marshal's office, his efforts to notify management about that environment, his participation in the investigation of the complaint filed by John Gibson, and the investigation started in June 2004 concerning his complaints about the hostile work environment described to Mary Dawson during her investigation of John Gibson's complaint.

5.   Sherrie Chatman
     900 Oakesdale Ave SW
     M.S. OAK-DE-0100
     Renton, WA 98055-1219

     Sherrie Chatman may testify regarding the racially hostile work environment at the King County Fire Marshal's office, her efforts to notify management about that environment, her participation in the investigation of the complaint filed by John Gibson, the investigation started in June 2004 concerning her complaints about the hostile work environment described to Mary Dawson during her investigation of John Gibson's complaint, and the racially hostile statements made in her presence about plaintiff by third parties.

WINTERBAUER & DIAMOND P.L.L.C.
1200 FIFTH AVENUE, SUITE 1910
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 676-8440

6.      Dianne Byrd
        900 Oakesdale Ave SW
        M.S. OAK-DE-0100
        Renton, WA 98055-1219

Dianne Byrd may testify regarding the racially hostile work environment at the King County Fire Marshal's office, her efforts to notify management about that environment, her participation in the investigation of the complaint filed by John Gibson, and the investigation started in June 2004 concerning her complaints about the hostile work environment described to Mary Dawson during her investigation of John Gibson's complaint.

7.      Toya Williams
        900 Oakesdale Ave SW
        M.S. OAK-DE-0100
        Renton, WA 98055-1219

Toya Williams may testify regarding the racially hostile work environment at the King County Fire Marshal's office, her efforts to notify management about that environment, her participation in the investigation of the complaint filed by John Gibson, and the investigation started in June 2004 concerning her complaints about the hostile work environment described to Mary Dawson during her investigation of John Gibson's complaint.

8.      Mike Dykeman
        900 Oakesdale Ave SW
        M.S. OAK-DE-0100
        Renton, WA 98055-1219

Mr. Dykeman may testify about his supervision of John Gibson, the Assistant Fire Marshal hiring process, his role in the administration of the Department of Development and Environmental Services, his communications with DDES employees relevant to Gibson's complaints, and his participation in the investigation of the internal complaint filed by Gibson.

9.      Michael Frawley
        King County Administration Building
        500 Fourth Avenue
        M.S. ADM-HR-0450
        Seattle, WA 98104

Mr. Frawley will testify about hiring and promotion processes at DDES, his communications with DDES employees concerning Gibson, allegations of racism at DDES, and his participation in the investigation of the internal complaint filed by Gibson.

WINTERBAUER & DIAMOND P.L.L.C.
1200 FIFTH AVENUE, SUITE 1910
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 676-8440

10.     Jason King
        4128 93rd Avenue S.E.
        Mercer Island, WA 98040

        Mr. King will testify about his interactions with Gibson and with DDES employees concerning the hiring process for Assistant Fire Marshal, allegations of racism at DDES, and the investigation of Gibson's internal complaint.

11.     Kathy Graves
        900 Oakesdale Ave SW
        M.S. OAK-DE-0100
        Renton, WA 98055-1219

        Ms. Graves will testify about her interactions with Gibson and with DDES employees concerning the hiring process for Assistant Fire Marshal, the demographic environment and allegations of racism at DDES, and the investigation of Gibson's internal complaint.

12.     Wes Moore
        King County Administration Building
        500 Fourth Avenue
        M.S. ADM-HR-0450
        Seattle, WA 98104

        Mr. Moore will testify about the hiring and promotion processes and opportunities at DDES and his participation in the development of hiring and promotion processes.

13.     Dave Pargas
        23775 S.E. 264th St.
        Maple Valley, WA 98038

        Mr. Pargas will testify about his experience supervising and working with John Gibson, his experiences working with defendant Les Eaton, and his participation in the investigation of the internal complaint filed by John Gibson.

14.     Stephanie Warden
        900 Oakesdale Avenue SW
        MS OAK-DE-0100
        Renton, WA 98055-1219

        Ms. Warden will testify about her role in the hiring process for assistant fire marshal in the summer of 2003, her responsibilities for assuring a hostility free work environment in her department, including the fire marshal's office, and her understanding of the allegations

WINTERBAUER & DIAMOND P.L.L.C.
1200 FIFTH AVENUE, SUITE 1910
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 676-8440

of disparate treatment and a racially hostile work environment that were raised in the winter and spring of 2004 and the steps she took, if any, to abate those concerns.

15.    Jim Rankin
       900 Oakesdale Avenue SW
       MS OAK-DE-0100
       Renton, WA 98055-1219

       Mr. Rankin will testify about his role in the hiring process for assistant fire marshal in the summer of 2003, his employment with King County, counseling and training he received for the King County fire marshal, and his interactions with plaintiff while each was employment in the King County Fire Marshal's office.

16.    Lawrence Canary
       900 Oakesdale Avenue SW
       MS OAK-DE-0100
       Renton, WA 98055-1219

       Mr. Canary will testify about his experiences during the hiring process for assistant fire marshal in the summer of 2003, his interactions with plaintiff during the time both were employed in the King County Fire Marshal's office, and statements he made during the investigation of plaintiff's internal complaint.

17.    Leslie Eaton
       15335 70th Avenue N.E.
       Kenmore, WA 98028

       Mr. Eaton will testify about statements he made to and about the plaintiff and his statements made during the investigation of plaintiff's internal complaint.

18.    Lynne Kalina
       500 4th Avenue, Suite 900
       Seattle, WA 98104

       Ms. Kalina will testify regarding her role in editing and revising Mary Dawson's report of her investigation of the discrimination hostile environment claim of plaintiff and her communications with counsel.

19.    Kevin Alberg
       69 Ira Light Street
       Steilacoom, WA 93888

Mr. Alberg will testify regarding his application process for deputy fire marshal in the Fire Investigation Unit and his communications regarding his application with representatives of defendant King County.

WINTERBAUER & DIAMOND P.L.L.C.
1200 FIFTH AVENUE, SUITE 1910
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 676-8440

*(b) On behalf of defendants:*

1.      Kevin Alberg
        69 Ira Light Street
        Steilacoom, WA 98388

        Mr. Alberg may testify regarding his employment with the fire investigative unit.

2.      Bob Baker
        City of Tukwila
        6200 Southcenter Blvd
        Tukwila, WA 98188

        Mr. Baker may testify regarding plaintiff's business licensing issues with City of Tukwila.

3.      Danielle Billups
        Address will be provided

        Ms. Billups may testify regarding her experience working with the fire investigative unit as it relates to plaintiff's claims.

4.      James Broman
        Lacey Fire District—Fire Chief
        1231 Franz St SE
        Lacey, WA 98503-2412

        Mr. Broman will testify regarding his work as an evaluator for the assistant fire marshal position.

5.      Lawrence Canary
        900 Oakesdale Avenue SW
        MS OAK-DE-0100
        Renton, WA 98055-1219

        Mr. Canary will testify regarding issues concerning plaintiff's allegations in the case.

6.      Patti Cole-Tindall
        900 Oakesdale Avenue SW
        MS OAK-DE-0100
        Renton, WA 98055-1219

        Ms. Cole-Tindal may testify regarding issues concerning plaintiff's allegations in the case.

WINTERBAUER & DIAMOND P.L.L.C.
1200 FIFTH AVENUE, SUITE 1910
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 676-8440

7.      Derrick Crawley
        Chief Deputy Fire Marshal
        Kitsap County Dept of Community Development
        614 Division Street, MS 36
        Port Orchard, WA 98366-4682

        Mr. Crawley may testify regarding plaintiff's employment with Kitsap County.

8.      Tom Devine
        900 Oakesdale Ave SW
        M.S. OAK-DE-0100
        Renton, WA 98055-1219

        Mr. Devine may testify regarding issues concerning plaintiff's allegations in the case.

9.      Mike Dykeman
        900 Oakesdale Ave SW
        M.S. OAK-DE-0100
        Renton, WA 98055-1219

        Mr. Dykeman will testify regarding issues concerning plaintiff's allegations in the case.

10.     Leslie Eaton
        15335 70th Avenue N.E.
        Kenmore, WA 98028

        Mr. Eaton will testify regarding issues concerning plaintiff's allegations in the case.

11.     Michael Frawley
        King County Administration Building
        500 Fourth Avenue
        M.S. ADM-HR-0450
        Seattle, WA 98104

        Mr. Frawley may testify regarding issues concerning plaintiff's allegations in the case.

12.     Kathy Graves
        900 Oakesdale Ave SW
        M.S. OAK-DE-0100
        Renton, WA 98055-1219

        Ms. Graves will testify regarding issues concerning plaintiff's allegations in the case.

WINTERBAUER & DIAMOND P.L.L.C.
1200 FIFTH AVENUE, SUITE 1910
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 676-8440

13.     Bill Harm
        King County Fire Protection District #2
        Burien-Normandy Park Fire Department
        15100 8th Ave SW
        Burien, WA 98166

        Mr. Harm will testify regarding his work as an evaluator for the assistant fire marshal position and his work in the fire investigative unit as it relates to plaintiff's claims.

14.     Wallace Holstad
        13209 NE 175th St
        Woodinville, WA 98072

        Mr. Holstad will testify regarding his work as an evaluator for the assistant fire marshal position.

15.     Lynne Kalina
        500 4th Avenue, Suite 900
        Seattle, WA 98104

        Ms. Kalina may testify regarding issues concerning plaintiff's allegations in the case.

16.     Jason King
        4128 93rd Avenue S.E.
        Mercer Island, WA 98040

        Mr. King may testify regarding issues concerning plaintiff's allegations in the case.

17.     Tim Lemon
        Fire Chief
        Maple Valley Fire & Life Safety
        23775 SE 264th Street
        Maple Valley, WA 98038

        Mr. Lemon will testify regarding his work as an evaluator for the assistant fire marshal position.

18.     Loida Llarenas
        900 Oakesdale Ave SW
        M.S. OAK-DE-0100
        Renton, WA 98055-1219

        Ms. Llarenas may testify regarding issues concerning plaintiff's allegations in the case.

WINTERBAUER & DIAMOND P.L.L.C.
1200 FIFTH AVENUE, SUITE 1910
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 676-8440

19.     Wes Moore
        King County Administration Building
        500 Fourth Avenue
        M.S. ADM-HR-0450
        Seattle, WA 98104

        Mr. Moore may testify regarding issues concerning plaintiff's allegations in the case.

20.     Craig Muller
        900 Oakesdale Ave SW
        M.S. OAK-DE-0100
        Renton, WA 98055-1219

        Mr. Muller will testify regarding issues concerning plaintiff's allegations in the case.

21.     Steve Neff
        900 Oakesdale Ave SW
        M.S. OAK-DE-0100
        Renton, WA 98055-1219

        Mr. Neff will testify regarding issues concerning plaintiff's allegations in the case.

22.     Cathy Ortiz-Olguin
        900 Oakesdale Ave SW
        M.S. OAK-DE-0100
        Renton, WA 98055-1219

        Ms. Ortiz-Olguin may testify regarding the promotion process for assistant fire marshal and any related issues.

23.     Leslie O'Toole
        900 Oakesdale Ave SW
        M.S. OAK-DE-0100
        Renton, WA 98055-1219

        Ms. O'Toole may testify regarding issues concerning plaintiff's allegations in the case.

24.     Jim Rankin
        900 Oakesdale Avenue SW
        MS OAK-DE-0100
        Renton, WA 98055-1219

        Mr. Rankin will testify regarding issues concerning plaintiff's allegations in the case.

25.     Chris Ricketts
        900 Oakesdale Avenue SW
        MS OAK-DE-0100
        Renton, WA 98055-1219

PRETRIAL ORDER - 16
04-1940(P) RJB

WINTERBAUER & DIAMOND P.L.L.C.
1200 FIFTH AVENUE, SUITE 1910
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 676-8440

Mr. Ricketts may testify regarding issues concerning plaintiff's allegations in the case.

26.  Susan Slonecker
     King County Prosecuting Attorney's Office
     500 Fourth Avenue, Suite 900
     Seattle, WA 98104

Ms. Slonecker may testify regarding issues concerning plaintiff's allegations in the case.

27.  Dave Smith
     1101 D St NE
     Auburn, WA 98002

Mr. Smith will testify regarding his work as an evaluator for the assistant fire marshal position.

28.  Bill Steele
     Deputy Fire Marshal
     Pierce County Fire Prevention Bureau
     2401 S 35th St
     Tacoma, WA 98409-7494

Mr. Steele may testify regarding the Washington State Patrol Certified Fire Investigator testing and certification process.

29.  Stephanie Warden
     900 Oakesdale Avenue SW
     MS OAK-DE-0100
     Renton, WA 98055-1219

Ms. Warden will testify regarding issues concerning plaintiff's allegations in the case.

30.  Anita Whitfield
     King County Administration Building
     500 4th Avenue
     M.S. ADM-HR-0450
     Seattle, WA 98104

Ms. Whitfield may testify regarding issues concerning plaintiff's allegations in the case.

WINTERBAUER & DIAMOND P.L.L.C.
1200 FIFTH AVENUE, SUITE 1910
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 676-8440

## EXHIBITS

**(a)**     **Admissibility and authenticity stipulated:**

*Plaintiff's Exhibits*:

1.   September 2, 2003 email from Jason King to Cathy Ortiz (KC 02817)

2.   Job announcement for Assistant Fire Marshal (open 7/7/03 - close 7/21/03) (KC 02888 through KC 02889

3.   August 2003 Memorandum re: Recommendation for Assistant Fire Marshal-Investigations (KC 02823 through KC 02824)

4.   01/08/04 Payroll File Turnaround Document (KC 01042 through KC 01043)

5.   7/31/03 memo to Larry Canary from Jason King re: special duty assignment (KC 01093)

6.   July 29, 2003 email from Les Eaton to Jim Rankin (J.Gibson-0096)

7.   8/7/03 email to Kathy Graves from Jim Rankin re: extension of special duty assignment (KC 01092)

8.   8/7/03 memo to Larry Canary from Jason King re: special duty assignment (KC 01091)

9.   August 7, 2003 email from Les Eaton to Jim Rankin (J.Gibson-0097)

10.   DDES Guide to the Hiring Process for Managers and Supervisors – October 2004 (deposition exhibit 33)

11.   Chapter 3.12 - Personnel System (deposition exhibit 34)

12.   King County Personnel Guidelines – October 1, 2000 (deposition exhibit 35)

13.   King County Selection and Hiring Process Manual - June 18, 2001 (deposition exhibit 36)

14.   King County Administrative Policies - Executive Orders, Policies & Procedures - Title: Nondiscrimination and Anti-Harassment Policy and Procedures - Effective Date: September 29, 2002

*Defendants' Exhibits:*

A-1.   E-mail dated May 24, 2004 from Gibson to Larry Canary regarding work backlog and a death investigation report.

A-2.   E-mail dated June 22, 2004 from Jim Rankin to Gibson regarding information Gibson needed to send to another fire district.

A-3.   E-mail dated June 24, 2004 from Gibson to Jim Rankin, responding to

WINTERBAUER & DIAMOND P.L.L.C.
1200 FIFTH AVENUE, SUITE 1910
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 676-8440

Mr. Rankin's June 22 e-mail (KC 4020-21).

A-4.   E-mail dated June 25, 2004 from Jim Rankin to Gibson confirming receipt of his June 24 e-mail (KC 4037).

A-5.   E-mail dated June 26, 2004 from Gibson to Jim Rankin regarding his June 25 e-mail (KC 4128).

A-6.   Memo dated July 15, 2004 from Jim Rankin to Gibson summarizing their July 2, 2004 meeting to discuss issues raised in Gibson's June 24 e-mail (KC 4042-46).

A-7.   Memo dated July 21, 2004 from Gibson to Jim Rankin regarding clarification to Mr. Rankin's July 15 memo (KC 4040-41).

A-8.   Memo dated August 2003 from Jim Rankin recommending Larry Canary be appointed as the new Assistant Fire Marshal (KC 2823-24).

A-9.   Letter dated May 28, 2004 from Mr. Rosen to Stephanie Warden and Notice of Claim in which Gibson alleged race discrimination arising out of Ms. Warden's not selecting him for the Assistant Fire Marshal position (J.Gibson-1458-60).

**(b)     Authenticity stipulated, admissibility disputed:**

*Plaintiff's Exhibits:*

15.   June 9, 2004 report from investigator Mary Dawson re: Gibson complaint

16.   May 13, 2004 report from investigator Mary Dawson re: Gibson complaint (KC 01746 through KC 01761)

17.   1/14/04 handwritten notes - Jim Rankin (KC 01721 through KC 01723)

18.   1/27/04 letter to Jon Howard Rosen from Lynne J. Kalina re: John Gibson (KC 01664 through KC 01665)

19.   1/14/04 handwritten notes - Larry Canary (KC 01712 through KC 01715)

20.   1/12/03 handwritten notes - Stephanie Warden (KC 01732 through KC 01734)

21.   4/22-23/04 email exchange between Stephanie Warden and John Gibson re: "I talked to" Mary Dawson (J.Gibson-0102)

22.   Dawson interview notes and outlines (KC 01684 through KC 01765)

23.   1/9/03 handwritten notes (KC 01709)

WINTERBAUER & DIAMOND P.L.L.C.
1200 FIFTH AVENUE, SUITE 1910
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 676-8440

24. Memorandum dated January 26, 2004 from Michael Frawley to Jason King re: Fire Investigation Unit Performance Management (KC 04050 through KC 04051)

25. Email exchange dated April 28-29, 2004 between Anita Whitfield, Mary Dawson and Susan Slonecker re: DDES Investigation - Status (KC 03830 through KC 03843)

26. Letter dated April 30, 2004 from Jon Howard Rosen to Susan Slonecker re: EEO Investigation

27. Letter dated May 17, 2004 from Lynne Kalina to Jon Howard Rosen re: EEO Investigation

28. Letter dated June 4, 2004 from Jon Howard Rosen to Lynne Kalina re: EEO investigation

29. Email dated May 6, 2004 from Mary Dawson to Lynne Kalina, Anita Whitfield and Susan Slonecker attaching draft of EEO report (KC 03844 through KC 03857)

30. Email dated May 13, 2004 from Mary Dawson to Lynne Kalina, Anita Whitfield and Susan Slonecker attaching draft of EEO report (KC 03872 through KC 03888)

31. Email dated June 3, 2004 from Mary Dawson to Lynne Kalina, Anita Whitfield and Susan Slonecker attaching draft of EEO report (KC 03907 through KC 03925)

32. Email dated June 9, 2004 from Mary Dawson to Lynne Kalina, Anita Whitfield and Susan Slonecker attaching draft of EEO report (KC 03926 through KC 03944)

33. Email dated June 10, 2004 from Mary Dawson to Lynne Kalina, Anita Whitfield and Susan Slonecker attaching draft of EEO report (KC 03945 through KC 03963)

34. Investigation Unit because of his race (with handwritten notes) (KC 02966 through KC 02976)

35. Kalina notes to self (KC 04490 through KC 04495)

36. April 27, 2004 memo from Mary Dawson to Stephanie Warden re: John Gibson's EEO Complaint (KC 04241 through KC 04253)

37. April 27, 2004 memo from Mary Dawson to Stephan Warden re: John Gibson's EEO Complaint (KC 04254 through KC 04266)

38. May 13, 2004 memo from Mary Dawson to Lynne Kalina re: John Gibson's EEO Complaint (KC 04267 through KC 04282)

39. May 26, 2004 memo from Mary Dawson to Lynne Kalina re: John Gibson's EEO Complaint (KC 04283 through KC 04300)

WINTERBAUER & DIAMOND P.L.L.C.
1200 FIFTH AVENUE, SUITE 1910
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 676-8440

40.   Redlined version of June 3, 2004 memo from Mary Dawson to Stephanie Warden re: John Gibson's EEO Complaint (KC 04301 through KC 04318)

41.   Redlined version of June 9, 2004 memo from Mary Dawson to Lynne Kalina re: John Gibson's EEO Complaint (KC 04376 through KC 04394)

42.   Email dated March 26, 2004 from Sherrie Chatman to Mary Dawson (KC03993)

43.   Email dated May 6, 2004 from Mary Dawson to Lynne Kalina (KC 03994)

44.   Email dated May 13, 2004 from Mary Dawson to Lynne Kalina and Anita Whitfield (KC 03995)

45.   Email dated May 13, 2004 from Mary Dawson to Lynne Kalina (KC 03996)

46.   Email dated May 25, 2004 from Mary Dawson to Anita Whitfield and Lynne Kalina (KC 03999)

47.   Email dated June 3, 2004 from Mary Dawson to Anita Whitfield and Lynne Kalina (KC 04001)

48.   Email dated June 4, 2004 from Susan Slonecker to Mary Dawson (KC 04002)

49.   Email dated June 9, 2004 from Mary Dawson to Anita Whitfield and Lynne Kalina (KC 04006)

50.   Email dated June 10, 2004 from Mary Dawson to Stephanie Warden (KC 04007)

51.   Email dated June 10, 2004 from Mary Dawson to Lynne Kalina (KC 04008)

52.   E-mail dated June 10, 2004 from Mary Dawson to Lynne Kalina (KC 04009)

53.   Email dated June 10, 2004 from Mary Dawson to Anita Whitfield and Lynne Kalina (KC 04010)

54.   Email dated June 10, 2004 from Mary Dawson to Lynne Kalina (KC 04011)

55.   Email dated June 15, 2004 from Mary Dawson to Lynne Kalina (KC 04012)

56.   April 27, 2004 Memo from Mary Dawson to Stephanie Warden re: John Gibson's EEO Complaint (with Mary Dawson's handwritten notes) (KC 03003 thru KC 03015)

WINTERBAUER & DIAMOND P.L.L.C.
1200 FIFTH AVENUE, SUITE 1910
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 676-8440

57. May 26, 2004 Memo from Mary Dawson to Stephanie Warden re: John Gibson's EEO Complaint (with Mary Dawson's handwritten notes) (KC 03061 thru KC 03078)

58. Memo dated March 1, 2005 from Mike Dykeman to Mark Ossewaarde re: Letter of Counseling (KC 06237)

59. Gibson reference check (KC 04739 through KC 04740)

60. Gibson reference check (KC 04737 through KC 04738)

61. 12-24 handwritten notes re: Gibson (KC 01705 through KC 01708)

62. Email dated June 15, 2004 from Stephanie Warden to Jason Herring (KC 02965)

*Defendants' Exhibits:*

A-10. Larry Canary's Application materials for the Assistant Fire Marshal position (KC 00046-67) [801, 802]

A-11. E-mail correspondence dated October 19, 2004 from the Shoreline Fire District expressing concern about an investigation Gibson was handling (KC 04131) [402, 403, 801, 802]

A-12. Memo dated April 20, 2004 from Leslie O'Toole to Larry Canary regarding Gibson (KC 04079-82) [402, 403, 701, 801, 802]

A-13. Gibson's application materials for the Assistant Fire Marshal position (KC 00072, 9, 74, 1851-53, 1856-80). [106]

A-14. Gibson's application for the Deputy Fire Marshal II position at Kitsap County. [106, 402, 403]

A-15. Documents from the Washington State Patrol regarding Gibson's scores for the Washington State certification tests for Fire Investigator. [402, 403, 801, 802]

A-16. Documents from the City of Tukwila regarding Gibson's business license. [402, 403, 801, 802]

A-17. Gibson's application materials for the Deputy Fire Marshal II position at Kitsap County. [402, 403]

A-18. All of Gibson's hand-written notes produced in discovery (J.Gibson-00001-95, 106-178, 220A-263A). [106, 403]

A-19. Documents regarding evaluation process and scoring for assistant fire marshal position. [106, 402, 403, 801, 802]

A-20. Letter dated January 16, 2003 and Certificate from Washington State Patrol to Leslie Eaton regarding his certification as a Fire Investigator (KC 844-45). [402, 403, 801, 802]

A-21. E-mail dated August 22, 2003 from Kathy Graves to Jason King and

WINTERBAUER & DIAMOND P.L.L.C.
1200 FIFTH AVENUE, SUITE 1910
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 676-8440

Jim Rankin regarding the status and results of the interview process (KC 2714-15). [402, 403, 801, 802]

A-22.   Memo dated August 22, 2003 from Kathy Graves to Jason King regarding the testing and interview results (KC 2708-9) [402, 403, 801, 802]

A-23.   Letter dated September 11, 2003 from Jon Rosen to Stephanie Warden regarding Gibson (KC 1769-72). [402, 403, 801, 802]

A-24.   Kitsap County document showing job offered to Gibson. [402, 403, 801, 802]

A-25.   Letter dated October 15, 2004 from Kitsap County to Gibson offering him the position of Deputy Fire Marshal II. [402, 403, 801, 802]

A-26.   Gibson's 2000-2003 tax returns. [402, 403, 801, 802]

A-27.   Document dated October 15, 2004 in which Gibson transferred vacation to his wife (KC 5591). [402, 403, 801, 802]

A-28.   E-mail dated October 21, 2004 and October 24, 2004 from Michael Dykeman to John Gibson (KC 4028-30). [402, 403, 801, 802]

A-29.   DDES Hiring Process 6/01/03—9/30/03 (KC 3372-3392). [106, 402, 403, 801, 802]

A-30.   E-mail dated August 25, 2003 from Michael Frawley to Kathy Graves (KC 3411). [402, 403, 801, 802]

A-31.   E-mails dated July 21-30, 2003 between Stephanie Warden, Jim Rankin and Kathy Graves (KC 3423-24). [402, 403, 801, 802]

A-32.   Letter dated October 18, 2004 from Susan Slonecker to Jon Rosen (J.Gibson-1440). [402, 403, 801, 802]

A-33.   E-mail dated November 11, 2004 from Mike Dykeman to Gibson (J.Gibson-673). [402, 403, 801, 802]

A-34.   E-mail dated October 21, 2004 from Mike Dykeman to Gibson (J.Gibson-675). [402, 403, 801, 802]

A-35.   E-mail dated January 30, 2004 from Manson to Canary (J.Gibson-676). [402, 403, 801, 802]

A-36.   E-mail dated October 25, 2004 from Larry Canary to FIU (J.Gibson-678). [402, 403, 801, 802]

A-37.   Kitsap County job announcement dated August 2004 (J.Gibson-388). [402, 403, 801, 802]

A-38.   Letter dated October 23, 2004 from Steve Neff to Gibson (J.Gibson-389). [402, 403, 801, 802]

A-39.   E-mail dated April 4, 2005 from Derrick Crawley to team (J.Gibson-

WINTERBAUER & DIAMOND P.L.L.C.
1200 FIFTH AVENUE, SUITE 1910
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 676-8440

383).  [402, 403, 801, 802]

A-40.   E-mail dated December 21, 2004 from Kathy Graves re acting assignments (KC 4055). [402, 403, 801, 802]

A-41.   E-mail dated September 24, 2004 from Stephanie Warden to Kathy Graves (KC 4062). [402, 403, 801, 802]

A-42.   Gibson Absence Requests October to December 2004.  [402, 403]

A-43.   E-mails dated October 2004 between Mike Dykeman, Gibson, Stephanie Warden and Larry Canary (KC 4111-4119).  [402, 403, 801, 802]

A-44.   E-mail dated October 27, 2004 from Mike Dykeman to Larry Canary (KC 4127).  [402, 403, 801, 802, 106]

A-45.   E-mails dated May 24, 2004 between Larry Canary and Gibson (KC 4132-33).  [402, 403, 801, 802, 106]

A-46.   E-mail dated October 24, 2004 from Mike Dykeman to Gibson (KC 4160-61) [402, 403, 801, 802]

A-47.   E-mail dated September 23, 2004 from Kathy Graves (KC 4162). [402, 403, 801, 802]

A-48.   Memo dated May 11, 2004 from Larry Canary to FIU (J.Gibson-100). [402, 403, 801, 802]

A-49.   Memo dated January 14, 2004 from Larry Canary to FIU (KC 2321). [402, 403, 801, 802]

A-50.   Memo dated February 5, 2004 from Larry Canary to FIU (KC 2322). [402, 403, 801, 802] [106]

A-51.   Memo dated May 11, 2004 from Larry Canary to FIU (KC 2325). [402, 403, 801, 802] [106]

A-52.   Memo dated June 7, 2004 from Larry Canary to FIU (KC 2326). [402, 403, 801, 802] [106]

A-53.   Memo dated June 16, 2004 from Larry Canary to FIU (KC 2327). [402, 403, 801, 802] [106]

A-54.   Memo dated July 16, 2004 from Larry Canary to FIU (KC 2328). [402, 403, 801, 802] [106]

A-55.   Memo dated September 19, 2004 from Les Eaton (KC 2330). [402, 403, 801, 802] [106]

**(c)      Authenticity and admissibility disputed:**

*Defendants' Exhibits:*

A-56.   King County FIU Clearance Rates from January to October 2003 (KC 4134-4152).  [402, 403, 801, 802]

WINTERBAUER & DIAMOND P.L.L.C.
1200 FIFTH AVENUE, SUITE 1910
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 676-8440

A-57.   Memo dated August 22, 2003 from Jason King (KC 2708-09). [402, 403, 801, 802] [106]

A-58.   E-mails dated July-August 2004 from a citizen to Jim Rankin complaining about Gibson's handling of an investigation (KC 4032-5, 4039) [402, 403, 801, 802]

A-59.   Records of weekly team meetings Larry Canary held with the members of the fire investigative unit from October 2003 to October 2004, including John Gibson (KC 3803-29). [402, 403, 801, 802]

A-60.   Training Summary for Jim Rankin, showing his attendance at a Managing Diversity seminar. [402, 403, 801, 802]

A-61.   Meeting Agenda dated October 11, 2004 (KC 4048). [402, 403, 801, 02]

A-62.   E-mail dated October 19, 2004 from William Nankervis to Larry Canary (KC 4131). [402, 403, 801, 802]

A-63.   Stephanie Warden and Jason King interview notes dated September 5, 2003 (KC 2704-2707). [402, 403, 801, 802] [106]

## ACTION BY THE COURT

(a)   This case is scheduled for trial before a jury on December 12, 2005 at 9:00 a.m.

(b)   Trial briefs shall be submitted to the court on or before **December 8, 2005**.

(c)   Jury instructions requested by either party shall be submitted to the court on or before **December 8, 2005**.   Suggested questions of either party to be asked of the jury by the court on voir dire shall be submitted to the court on or before **December 8, 2005**.

This order has been approved by the parties as evidenced by the signatures of their counsel.  This order shall control the subsequent course of the action unless modified by a subsequent order.  This order shall not be amended except by order of the court pursuant to agreement of the parties or to prevent manifest injustice.

DATED this 5th day of December, 2005.

_____
ROBERT J. BRYAN
United States District Judge

WINTERBAUER & DIAMOND P.L.L.C.
1200 FIFTH AVENUE, SUITE 1910
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 676-8440

FORM APPROVED


<u>s/</u>
Attorney for Plaintiff


<u>s/</u>
Attorney for Defendants

WINTERBAUER & DIAMOND P.L.L.C.
1200 FIFTH AVENUE, SUITE 1910
SEATTLE, WASHINGTON  98101
TELEPHONE:  (206) 676-8440